# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PAWTUCKET CREDIT UNION,<br>    *Plaintiff*, | ) | 3:20-CV-01847 (KAD) |
| | ) | |
| v. | ) | |
| | ) | |
| M/Y SEA RAYNA (Official No.<br>1101693), her engines, apparel, tackle,<br>boats, appurtenances, etc. *in rem*, | ) ) ) | |
| | ) | |
|     and | ) | |
| | ) | |
| BRUCE S. BOZSUM, *in personam*,<br>    *Defendants*. | ) ) | APRIL 12, 2022 |

<u>**MEMORANDUM AND ORDER**</u>
**RE: PLAINTIFF'S MOTION FOR AMENDED JUDGMENT, ECF Nos. 20, 21, & 30**

Kari A. Dooley, United States District Judge:

On September 17, 2021, the Court entered an order granting default judgment in favor of the Plaintiff, Pawtucket Credit Union. Therein, the Court indicated that upon completion of the sale of the *in rem* Defendant, the *M/Y Sea Rayna*, Official No. 1101693, Plaintiff could petition the Court to modify the Court's Order of Final Judgment, which would allow Plaintiff to recover any interest, attorneys' fees and costs, substitute custodian costs, and any fees owed to the U.S. Marshal for the sale of the *M/Y Sea Rayna*. Judgement against both defendants entered on September 23, 2021 in the amount of $108,059.68, at ECF No. 19. The U.S. Marshal sold the *M/Y Sea Rayna* at auction on October 20, 2021. Pending before the Court is Plaintiff's Motion for Modification of Judgment, ECF No. 20; Plaintiff's Motion to Confirm Sale, ECF No. 21; and Plaintiff's Motion to Correct Amended Judgement and Determine Fair Value of Vessel, ECF No. 30. Plaintiff filed the first two motions on November 18, 2021, and the third on January 18, 2022. The first, at ECF No. 20, seeks additional attorneys' fees and costs through modification of the

Court's final judgment. The second, ECF No. 21, seeks confirmation of the *M/Y Sea Rayna*'s sale. And the third, ECF No. 30, corrects several details concerning the *M/Y Sea Rayna*'s sale and seeks a final modification of the Court's judgment. The Court GRANTS each of these motions.

**Post-Judgment Events & Discussion**

As indicated, on September 17, 2021, the Court entered judgment *in rem* against the *M/Y Sea Rayna* and *in personam* against Bruce Bozsum in the amount of $108,059.50. The Court, having previously ordered the *M/Y Sea Rayna* arrested, also ordered the sale of the vessel at auction by the United States Marshal. At that time, the Court required that if the Plaintiff were the only bidder at the auction, in seeking approval of the sale, the Plaintiff must provide the Court with an appraisal of the vehicle. *See* Order, ECF No. 17.  Because the Court's judgment also permitted the Plaintiff to bid "the judgment or any part thereof," the purpose for requiring the appraisal was so that the Court could properly assess whether the sale of the vessel should be confirmed or whether the judgment should be modified to account for a fair value offset. *See Coastal Marine Mgmt. v. M/V SEA HUNTER (O.N. 598425)*, 274 F. Supp. 3d 6, 10 (D. Mass. 2017); *see also* 28 U.S.C. § 2001 (indicating that a public sale should be conducted "as the court directs").

The U.S. Marshal conducted the auction in accordance with the Court's instructions on October 20, 2021. Counsel for the Plaintiff attended as Plaintiff's representative. Plaintiff was the only attendee or bidder, and because it was permitted to bid "the judgment or any part thereof," no exchange of funds at the auction was necessary. But the paperwork for the auction and sale was also not completed at the time of the auction, and following the auction, the U.S. Marshal prepared the Bill of Sale which reflects a sale price of $108,000. The vessel is appraised at $10,000 according to the appraisal required by the Court and filed on December 28, 2021 with Plaintiff's Motion to Confirm the Sale, ECF No. 27.

The Plaintiff does not know how $108,000 came to appear on the Bill of Sale although it had communicated to the U.S. Marshal that it was permitted to bid the judgment or any part thereof, and it is clear that the Plaintiff did not intend to bid what was essentially the full amount of the judgment for a vessel that is worth a fraction of that amount. Whatever the source of the confusion as to the Bill of Sale, the Court finds that the Bill of Sale is inaccurate and does not reflect the actual bid by Plaintiff.  Nor therefore does it provide a basis upon which the Court would reduce the amount of the judgment debt.  Although principles of equity require that the Defendant be afforded the fair value of the vessel as an offset to the judgment debt, they do not countenance a windfall deriving from confusion as to what the paperwork should reflect.

"The fairness of the public sale price of a vessel is . . . left to the equitable discretion of the district court." *Walter E. Heller and Co. v. O/S Sonny V.*, 595 F.2d 968, 971 (5th Cir. 1979); *see also United States v. Caprice*, 427 F. Supp. 1031, 1033 (D.N.J. 1974) ("Under the federal rule, a 'fair value' offset may be allowed under proper circumstances where the equity of the circumstances requires it."). Nevertheless, "[a] foreclosure sale may be set aside only if the inadequacy of the sales price is so gross as to shock the conscience." *Walter E. Heller and Co.*, 595 F.2d at 971; *see also Hart v. O.S. Commando, Off. No. 209486*, 570 F. Supp. 18, 19 (W.D. Wash. 1983) (finding a sale price of $1 conscious shocking where the judgment amount was $23,049.48 and denying a motion for deficiency judgment). Here, the Court allowed the Plaintiff to bid the judgment or any part thereof but required an appraisal of the vessel so that, in the event that the bidding process could not generate a credible fair market value, a proper offset could be established. The appraisal valued the *M/Y Sea Rayna* at $10,000. For the reasons discussed above, the Court will use this valuation as the "part of the judgment" bid price. A sale price of $10,000.00 is not conscious shocking. Counsel for Plaintiff had previously represented that the *M/Y Sea Rayna*

had suffered significant damage. Further, courts have upheld sales where, as is the case here, the highest and best bid fell far short of the balance due. *See Golden v. Oil Screw Frank T. Shearman*, 455 F.2d 133, 135 (4th Cir. 1972).

As to Plaintiff's motion to modify the Court's judgment, Plaintiff supports its request with affidavits explaining both the amount of the requested attorneys' fees and costs and the basis upon which to determine that they are recoverable. The Court finds these charges reasonable, substantially for the same reasons previously set forth in its September 21, 2021 Memorandum of Decision, ECF No. 17, and they are awarded. *See Navig8 Chemicals Asia Pte., Ltd. v. Crest Energy Partners*, No. 15 Civ. 7639 (PAE), 2015 WL 7566866, at *2 (S.D.N.Y. Nov. 24, 2015) (collecting cases discussing variable hourly rates through the Second Circuit). Accordingly, the judgment will be modified to account for the increased request for attorneys' fees and costs.

**Conclusion**

A modified judgement shall enter in favor of the Plaintiff in the amount of $110,743.41, which consists of $96,355.18 in principal, interest, and custodial costs; $22,264.00 in attorneys' fees; $2,124.23 in other costs; and less the $10,000 sale price of the *M/Y Sea Rayna*.

Accordingly. **IT IS ORDERED, ADJUDGED, AND DECREED:**

1. That the sale of the *M/Y Sea Rayna* be confirmed with sale price of $10,000, and that amount shall be applied to offset the judgment debt.

2. That the Court's Judgment of September 23, 2021 be modified such that Plaintiff is entitled to recover $96,355.18 in principal, interest, and custodial costs.

3. That the Court's Judgment of September 23, 2021 be modified such that Plaintiff is entitled to attorneys' fees in the amount of $22,264.00 and costs in the amount of $2,124.23.

4.  That the Clerk of the Court is directed to modify the Court's Order of Final

Judgement, ECF No. 19, in favor of Plaintiff in the amount of $110,743.41, with

post-judgment interest as permitted by law.

**SO ORDERED** at Bridgeport, Connecticut, this 12th day of April 2022.

 /s/ Kari A. Dooley
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE